[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage made returnable to the Judicial District of Danbury.
The plaintiff was represented at trial by counsel, and the defendant appeared pro se. The defendant's prior counsel was allowed by this court (Frankel, J.) to withdraw his appearance, and the defendant made no effort to obtain new counsel and appeared pro se. The court has the requisite jurisdiction to proceed to judgment. The court heard the evidence and testimony and reserved decision.
Having considered the evidence and testimony and having considered the criteria set forth in §§ 46b-56, 46b-81, and 46b-82 of the Connecticut General Statutes and other related statutes, the court makes the following findings and orders.
The plaintiff whose birth name is Shaohua Huang, and the defendant, were married at Fairfax, Virginia on September 17, 1995, and have resided in this state for at least twelve months before the commencement of this action.
The parties have one minor child who is issue of this marriage, namely, Lili Mitchell, born February 22, 1995. CT Page 8220
At the time of trial, the court took judicial notice of the findings and court orders in two ancillary proceedings involving the parties: FA98-0166395, Shaohua Mitchell v. Thomas Mitchell (Support Magistrate file); and FA01-0344727, Mitchell v. Mitchell (Application for Relief from Physical Abuse pursuant to § 46b-15 of the Connecticut General Statutes).
The evidence and testimony permits the court to make the following findings of fact.
The plaintiff has proven each of the allegations in her complaint, including the allegation that the marriage of the parties has broken down irretrievably with no possibility of reconciliation.
At the time of trial, the plaintiff was forty-three years old, having been born in China on October 6, 1958. She attended school in China and received an Associate's Degree from Beijing University in 1977. In 1978, she relocated to the United States and was a nurse's aide. She continued her education but received no additional degrees. She subsequently was certified as a registered nurse (R.N.) in both New York and Connecticut.
As noted, the court took judicial notice of the family support proceedings conducted in the Stamford Judicial District. The current order requires the defendant to contribute $119 per week as child support, plus an additional $12 per week on an arrearage found to be $18,810, for a total weekly order of $131.
The plaintiff testified that the parties have been married for six (6) years, but have lived separately and apart for approximately four (4) years.
After their marriage and prior to their separation, the parties took an extended trip to China to stay with and/or near the plaintiffs parents. They then traveled directly to Mexico and resided with the defendant's mother for a number of months. From there, the plaintiff and the minor child returned to Connecticut, but the defendant chose to remain in Mexico.
The plaintiff separated herself and the minor child from the defendant because of his habitual use of alcohol and drugs which became a serious concern to her. She observed his use of alcohol and cocaine and observed him in possession of a white power substance which he described as heroin.
The defendant's use of drugs and alcohol was initially guarded and CT Page 8221 discreet, but soon became open and obvious to the plaintiff The plaintiff made efforts to enroll the defendant in substance abuse treatment programs including Guenster Rehabilitation Center in Bridgeport and later Norwalk Hospital and finally Eagle Hill, where the defendant completed a three week detoxification program.
The plaintiff has personal knowledge and experience in substance abuse treatment as she is currently employed as a nurse on a full time basis at Yale-New Haven Hospital in the emergency room. She also is employed at Meridian Hill, a drug treatment facility.
The plaintiff has requested and the court has awarded her sole legal custody of the minor child, Lili, on a pendente lite basis. The child is seven years old and the plaintiff has serious concerns about the child's safety and welfare while in her father's unsupervised custody due to his substance issues.
While the defendant had initially opposed an order of sole custody in the plaintiff, he withdrew his objection to such an order. He has moved the court to enter a visitation schedule which will allow the child to "get to know her father."
The defendant has admitted to daily consumption of alcohol, including vodka consumed during the court's luncheon recess during the trial. He denies he has either a drug or alcohol problem.
The plaintiff offered the testimony of psychotherapist, James Wolf, who had interviewed the defendant in August, 2000. His assessment of the defendant corroborated the plaintiffs belief that at that time the defendant had an addiction to both drugs and alcohol.
The court finds that the defendant's prior use of and current predisposition to drugs and alcohol is a serious concern regarding the defendant's interaction with the minor child.
At the time of trial, the defendant had not earned any income from employment since early in 2000. He had been receiving unemployment compensation for an undetermined period. During the marriage he had been employed and had earned as much as $38,000 per year. The plaintiff testified that during the marriage the defendant had worked as a computer technician at Caldor's. The defendant testified that he is currently unemployed and that he has limited his job search to the Internet and had targeted jobs in the $36,000 to $50,000 salary range, but has had no success. He would now consider the "mid- $30,000 range, if [he] had to." At the time of trial he testified he was living with a girlfriend and "had no job, no car, no prospects." The court finds that the defendant CT Page 8222 has an earning capacity of no less that $24,000 per year, gross income based on his prior employment, education and based on his own testimony.
Having heard the evidence and testimony, the court enters the following orders,
The plaintiff shall have sole legal and physical custody of the parties' minor child, Lili. The defendant shall have no visitation with said minor child except that which the plaintiff finds to be safe and appropriate under all the circumstances. The defendant shall not consume any drugs or alcohol before or during such visits as the plaintiff may allow.
The defendant shall pay to the plaintiff child support in the amount of $77 per week. The defendant is to pay an additional $15 per week to the plaintiff on a child support arrearage found to be $17,220. The court further finds the defendant to be in arrears to the State of Connecticut for past due child support in the approximate amount of $1590 and orders the defendant to pay $5 per week toward that arrearage. The defendant is further ordered to 27 percent of the cost incurred for necessary day care for the minor child and for any unreimbursed or uninsured medical and dental expenses (excluding orthodontic) incurred by the minor child.
Except as otherwise ordered, the parties shall retain possession of the assets listed on their respective financial affidavits. The plaintiff shall remain custodian of the minor child's Essex National Securities account.
The defendant shall return to the plaintiff her clothing, the minor child's clothing, the plaintiffs decorations from her family, including vases, teapots, etc. her silk fabric from her mother and her jewelry.
The minor child's passport shall be turned over to the plaintiff from plaintiffs counsel.
Each party shall be responsible for the debt incurred in their own name.
Neither party shall pay periodic alimony to the other.
The defendant is ordered to notify the plaintiff immediately upon his obtaining employment. The defendant is to provide the plaintiff with a copy of his annual income tax return with copies of any and all W-2 and 1099 forms prepared as part of such tax returns.
Having found that the marriage of the parties has broken down irretrievably, the court hereby decrees that the marriage of the parties CT Page 8223 is dissolved and they are single and unmarried.
By the Court,
Joseph W. Doherty, Judge